This is an original action in this court in mandamus. Eliza M. Galloway, the relator, is the wife relict of Elisha Galloway, who died of pulmonary tuberculosis. He had been employed painting gasoline pumps manufactured by his employer, who was a contributor to the workmen's compensation fund. Decedent worked in a small and illy ventilated room, subject to the accumulation *Page 491 
of poisonous fumes. In March, 1924, on the premises of his employer, he collapsed by reason of the state of the atmosphere of the room in which he worked, or from some cause unknown and not disclosed in the proofs. He was conveyed to his home, and about three months thereafter he died of what is diagnosed as pulmonary tuberculosis. His widow, Eliza M. Galloway, filed a claim for death under the occupational disease statute, claiming impairment of strength, rendering him unable to resist the attack of tuberculosis.
The Industrial Commission refused to allow the claim, upon the ground that it did not come within the purview of the occupational disease statute, nor was there an injury caused by accidental means. An appeal was taken to the court of common pleas, where a jury was waived, and the court found no right of recovery. This judgment was affirmed by the Court of Appeals, and a motion was filed in this court, in cause No. 19676, to certify the record, which motion was heard on April 1st, and denied.
The present action, No. 20018, is an action in mandamus, wherein the relator asks that the Industrial Commission be required to award her compensation for the death of her husband. The relator asks for the definition of "occupational diseases," and urges that the decedent was so far reduced in strength and vitality that he was unable to resist the tubercular attack which was the immediate cause of his death; that but for the exposure he would have been immune to this disease, which was the contributing or secondary cause of death. *Page 492 
The Attorney General raises the question by demurrer, urging two grounds: First, that the matter has heretofore been disposed of by this court; and, second, that the facts do not warrant a recovery under the record in this case.
Taking up the first ground of demurrer, to wit, that the matter has heretofore been disposed of by this court, it appears that, after the disposition of cause No. 19676, a motion for a rehearing was filed by the relator on April 16, 1926, and that on May 8, 1926, said motion was denied by this court. An examination of the record discloses that the same questions raised by the petition filed in the instant case were presented in said cause No. 19676, and therein disposed of. It appearing, therefore, that the same subject matter, between the same parties, having been heretofore adjudicated, it cannot be again presented by way of an action in mandamus to compel the allowance of a claim of the relator which had once been denied upon full hearing in said cause No. 19676. It follows, therefore, that the demurrer to the petition must be sustained, and the writ of mandamus denied.
Demurrer sustained and writ of mandamus denied.
MARSHALL, C.J., JONES, MATTHIAS, DAY, KINKADE and ROBINSON, JJ., concur. *Page 493