Williams, J.
 

 The question raised by the general demurrer to the petition is whether, under the facts alleged, a writ of prohibition may properly issue to prevent the enforcement of the three judgments challenged by the relatrix.
 

 A writ of prohibition will not issue to prohibit the enforcement of a valid judgment even though the process employed for the satisfaction of the judgment indebtedness is not warranted in law or by the judgment itself. Ordinarily the appropriate remedy against an order of sale or execution improperly issued is a motion to recall or set aside such process.
 
 Miller
 
 v.
 
 Longacre,
 
 26 Ohio St., 291;
 
 State, ex rel. Voight,
 
 v.
 
 Leuders, Judge,
 
 101 Ohio St., 211, 128 N. E., 70. Likewise a writ of prohibition will not be granted to prevent the enforcement of a judgment claimed to be prejudicially erroneous.
 
 State, ex rel. Maysville Bridge Co.,
 
 v.
 
 Quinlan, Judge,
 
 124 Ohio St., 658, 181 N. E., 880. The rationale of the latter principle is that an adequate remedy to correct prejudicial error is afforded by appeal.
 
 State, ex rel. Burtzlaff,
 
 v.
 
 Vickery et al., Judges,
 
 121 Ohio St., 49, 166 N. E., 894.
 

 The relatrix claims, however, that the three judgments are absolutely void and for that reason the writ is available to prohibit their enforcement. Of course, if a judgment is void, process issued to compel its satisfaction is for equal reasons void. Some authorities
 
 *269
 
 have held, as has been pointed out in
 
 State, ex rel. Burtzlaff,
 
 v.
 
 Vickery et al., Judges, supra,
 
 that the writ is available against a void judgment when the party aggrieved has no other available remedy. Upon that question no pronouncement need be made at this time. It is certain nevertheless that the writ will not lie if the judgment is not void.
 

 It remains only to determine whether the facts al-. leged in the petition are sufficient to show that the three judgments referred to are void. If under the allegations of the petition one or more of the judgments are not shown to be void, the petition is for that reason alone obnoxious to a general demurrer. In this analysis only factual allegations may be considered; the allegations that the judgments are void are conclusions of law and must be disregarded.
 

 All essential facts pleaded will be referred to in the discussion of the sufficiency of the petition and it will therefore be unnecessary to recite the allegations verbatim.
 

 The three judgments in controversy were rendered in cause No. 50575, an action brought sometime prior to May 8, 1940 (the exact date does not appear), by John W. Wendell, county treasurer of Butler county, Ohio, in the Court of Common Pleas of that county against Mary M. Hughes (the relatrix herein) to foreclose a lien on her real estate for taxes, assessments and penalties. To this action L. C. Carmin, Alexander L. Johnson and The Oxford Loan & Building Association were made parties defendant.
 

 One of the three judgments complained of was in favor of the plaintiff, Wendell, as hereinafter stated, and the other two were in favor of the two last-named defendants, respectively, on their separate cross-petitions, and against the defendant, Mary M. Hughes.
 

 The judgment in favor of the plaintiff was rendered on January 22, 1941, finding taxes, assessments and penalties due and owing by Mary M. Hughes, in the
 
 *270
 
 sum of $4,544.57 and ordering a sale of the premises described in the petition to satisfy the lien therefor. On this judgment an
 
 alias
 
 order of sale has been issued in pursuance of which the encumbered premises have been advertised to be sold on May 22,1941.
 

 It is contended that this judgment for plaintiff is void because it was entered before the cause regularly stood for trial and further because the court had no jurisdiction by reason of the pendency of cause No. 798 in the Court of Appeals on appeal.
 

 If a defendant is in default for answer in specified cases, including foreclosure, it is not necessary to await the time the cause may regularly stand for trial in order to enter judgment by default. Moreover, a hearing is not prerequisite to a default .judgment in foreclosure. Section 11383, General Code. The same statutory provision apparently applies to the foreclosure of a lien for taxes and assessments pursuant to Section 5718-3, General Code. However that may be, the judgment was not void because prematurely entered. At best it could be in that respect no more than erroneous.
 

 There is no allegation to show from what judgment of the Court of Common Pleas the appeal No. 798 was taken. All that appears from the allegations is that the appeal was taken on questions of law and fact and that the notice of appeal was filed September 16,1940, and supported by appeal bond in the sum of $14,000.
 

 Since it does not appear that any prior judgment was entered in favor of the plaintiff, Wendell, the appeal No. 798, was presumably from a judgment rendered on some issue that did not arise out of the cause of action set forth in such plaintiff’s petition.
 

 The case of
 
 Fairchild
 
 v.
 
 Lake Shore Electric Ry. Co.,
 
 101 Ohio St., 261, 128 N. E., 168, is cited to support the argument that the appeal on questions of law and fact carried the entire case to the appellate court and de
 
 *271
 
 prived the lower court of jurisdiction during the pendency of the appeal.
 

 Under the act to establish a simplified method of appellate review, effective January 1, 1936 (116 Ohio Laws, 105), the whole case does not necessarily go up on such appeal. Section 12223-15, General Code, provides: “When the interest of a party is separate and distinct from that of all others in the suit, and he desires to appeal his part of it, it shall be so allowed by the court, and the penalty and bond fixed accordingly. The court also shall make such order as to the papers, pleadings, and copies thereof, and make such other orders as it deems right in view of a division of the case for an appeal.” The petition contains no allegations to show that the appeal was not allowed by the court to a party with a separate and distinct interest. But, anyhow, the right of the plaintiff, Wendell, to recover on the cause of action asserted by him in his petition, had not previously been determined and the default judgment was not absolutely void. To enter judgment while the appeal was pending under those circumstances could be no more than error.
 

 With respect to the default judgments rendered in favor of cross-petitioners, Alexander L. Johnson and The Oxford Loan & Building Association, on June 18, 1940, the claim of relatrix is that they are void because they were rendered before the mandate was received from the Court of Appeals after the judgment of reversal in that court in cause No. 782, and therefore the Court of Common Pleas then had no jurisdiction. The judgment of reversal was entered and the cause remanded to the Court of Common Pleas for further proceedings on May 8, 1940. The mandate on this judgment of reversal was issued by the Court of Appeals on October 14, 1940, and was filed in the Court of Common Pleas on October 15, 1940. Since the appellate court speaks through its journal and not by its mandate, the appeal had been determined previous to
 
 *272
 
 the entry of the default judgments. All that was lacking at the time of entry was the mandate. The rendition of the judgments constituted further proceedings in the same matter and was of course irregular because the mandate had not been filed in the trial court. Such irregularity, however, did not make the judgments void.
 

 The reJatrix complains that a receiver is sought to take charge of her property in connection with the collection of these two judgments. If an order should be made appointing a receiver, the order would be final and appealable on questions of law.
 
 Forest City Investment Co.
 
 v.
 
 Haas,
 
 110 Ohio St., 188, 143 N. E., 549.
 

 It may be pointed out in passing, that, against a default judgment, the judgment debtor has a remedy during the term of rendition by filing a motion to set aside the judgment, and after the term is passed he may proceed as provided in Section 11631
 
 et seq.,
 
 G-eneral Code, to seek a vacation of the judgment.
 

 The judgments were not void and the judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.