By the Court.
 

 This court will take judicial notice of the record in a case previously before it involving the same subject matter and party.
 
 State, ex rel. Galloway,
 
 v.
 
 Industrial Commission,
 
 115 Ohio St., 490, 154 N. E., 736.
 

 The principal question involved in this appeal is whether there was authority to assess for taxation
 
 *561
 
 property which stood in the name of appellant. That question was determined by this court in
 
 Wendel, Treas.,
 
 v.
 
 Hughes,
 
 139 Ohio St., 632, 41 N. E. (2d), 702. See, also, the following cases involving the questions as stated:
 
 Wendel, Treas.,
 
 v.
 
 Hughes,
 
 137 Ohio St., 610, 31 N. E. (2d), 855 (overruling motion to make a party defendant, not a final order);
 
 State, ex rel. Hughes,
 
 v.
 
 Cramer, Judge,
 
 138 Ohio St., 267, 34 N. E. (2d), 772 (Court of Common Pleas not prohibited from enforcing default judgments and proceeding with an
 
 alias
 
 order of sale);
 
 Wendel, Treas.,
 
 v.
 
 Hughes,
 
 138 Ohio St., 628, 37 N. E. (2d), 544 (sustaining dismissal of petition to set aside default judgment);
 
 State, ex rel. Mohr,
 
 v.
 
 Judges,
 
 141 Ohio St., 608, 49 N. E. (2d), 681 (affirming judgment of Court of Appeals in denying writ of mandamus to compel Common Pleas Court to issue an order of contempt on application of another leaseholder of Miami University).
 

 Furthermore, at a hearing on June 3, 1942, before an examiner of the Board of Tax Appeals, counsel entered into a stipulation of facts in which it is recited that on December 2,1941, a sale of the property in two tracts by the sheriff was confirmed; that deeds to the purchasers were ordered; and that on December 22, 1941, the court ordered a distribution of the proceeds of the sale.
 

 The validity of the confirmation of the sale is not before this court in the present appeal. It appearing from the record before the court in the present proceeding that title .is no longer in appellant, only a moot question is presented. This court is not required to answer moot questions or declare principles of law which cannot affect the matter at issue in a case before it.
 
 Travis
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 355, 175 N. E., 586;
 
 Miner
 
 v.
 
 Witt, City Clerk,
 
 82 Ohio St., 237, 92 N. E., 21.
 

 
 *562
 
 The appeal will be dismissed.
 

 Appeal dismissed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Williams and Turner, JJ., concur.
 

 Bell, J., dissents.