Hart, J.,
 

 concurring. I concur fully in the syllabus, in the judgment and in the reasoning of Judge
 
 *450
 
 Turner’s opinion in support thereof, but I deem it proper to state the reasons for my concurrence in allowing in this proceeding the motion of Hauserman company to strike as against it'Pearson’s assignment of error.
 

 Pearson, as plaintiff, sought a joint judgment in a tort action against both defendants. On motion, there was a judgment for the defendant Hauserman company at the close of plaintiff’s case and a verdict of the jury for the defendant Gardner Cartage Company. There was one motion for a new trial as against both defendants, which was overruled; and a judgment for both defendants against the plaintiff for costs.
 

 There was one notice of appeal by the plaintiff to the Court of Appeals, but the Court of Appeals rendered two separate judgments through a single entry; one affirming the judgment in favor of Hauserman company and the other reversing the judgment and remanding the cause as to the defendant Gardner Cartage Company. Then, for the first ■ time, there came into existence two separate judgments affecting two separate defendants. There was a final judgment in favor of the defendant Hauserman Company, subject to an appeal by Pearson, and a judgment of reversal as to the defendant Gardner Cartage Company in favor of the plaintiff Pearson, subject to appeal by the Gardner Cartage Company. At this point of the proceedings, Pearson had no right of appeal against the Gardner Cartage Company because the judgment of the Court of Appeals as to it was in his favor, and the .Gardner Cartage Company had no right of appeal against Hauserman Company.
 

 Pearson filed a motion to certify the record as against Hauserman Company, which motion was overruled by this court, and the judgment in favor of Hauserman Company necessarily became final. There
 
 *451
 
 certainly conld be no further appeal by Pearson against Hauserman Company. There cannot be a second appeal from the same judgment.
 
 Irwin
 
 v.
 
 Lloyd, Trustee,
 
 65 Ohio St., 55, 61 N. E., 157.
 

 When the Gardner Cartage Company filed its motion to certify the record as to the judgment against it, the appeal was against Pearson, and the Hauserman Company was not made a party to that proceeding. No notice of this appeal, always a jurisdictional requirement, was given to Hauserman Company by either Pearson or the Gardner Cartage Company. The only claimed error against the Hauserman Company related to the rendering of the judgment in its favor by the trial court and that claim had already been disposed of by refusal of this court to order the certification of the record on Pearson’s motion for that purpose. The only errors involved in the appeal of the Gardner Cartage Company from the Court of Appeals related to the misconduct of jurors, a matter affecting exclusively the rights of Pearson as to the Gardner Cartage Company and not the rights of Pearson as to Hauserman Company.
 

 I am unable to discover any legal right or justification for the filing of an assignment of errors by Pearson as against Hauserman Company in this appeal. I agree that a cause properly appealed to this court is here for the determination of all questions presented by the record other than the weight of the evidence, but the record to be considered here, in my opinion, must be limited to the questions raised by the assignment of errors filed by the Gardner Cartage Company and not to extraneous issues sought to be raised by one who does not and cannot stand in the position of an appellant against the other party in this proceeding, the Hauserman company. Hauserman company had a final judgment in its favor and was no longer in court.
 

 
 *452
 
 In my opinion, this court is justified in recognizing separate appeals by separate defendants against whom separate and different judgments have been rendered. This court has already recognized a separate appeal in this case when it entertained Pearson’s motion to certify the record as to the judgment for Hauserman Company against him.
 

 Section 12223-15, General Code, provides:
 

 “When the interest of a party is separate and distinct from that of all others in the suit, and he desires to appeal his part of it, it shall be so allowed by the court * * *. The court also shall make such order as to the papers, pleadings, and copies thereof, and make such other orders as it deems right in view of a division of the case for an appeal.”
 

 2 Ohio Jurisprudence, 81, Section 37, in commenting on that section of the General Code, reads:
 

 “Under this statute where there has been a final decree, and where the appellant’s interests are separate from those of the other parties with whom he may have been united in the suit, he has the right to appeal his separate part of the case, the ground being that his interests are so separate and distinct from those of the others that they can be separately adjudicated in the appellate court.”
 

 I grant that if this action had been one on a joint obligation rather than a joint and several tort claim, or the judgment of the Court of Appeals had been a joint one against two defendants, then either defendant would have a right of appeal and his appeal would bring the other defendant with him into this court.
 
 Emerick
 
 v.
 
 Armstrong,
 
 1 Ohio, 513;
 
 Ewers
 
 v.
 
 Rutledge,
 
 4 Ohio St., 210. But, since the instant case is a tort action and separate judgments were rendered by the Court of Appeals, each party is entitled to prosecute his separate- appeal as and when the judgment as to him is adverse. It seems to me that
 
 *453
 
 "this view or position is in accord with the holdings of this court in the cases of
 
 State, ex rel. Hughes,
 
 v.
 
 Cramer, Judge,
 
 138 Ohio St., 267, 34 N. E. (2d), 772;
 
 Keesecher, a Minor,
 
 v.
 
 G. M. McKelvey Co.,
 
 141 Ohio St., 162, 168, 47 N. E. (2d), 211;
 
 In re Kurtzhalz,
 
 141 Ohio St., 432, 48 N. E. (2d), 657.
 

 I agree also that when this court overrules a motion to certify a record, no precedent for the decision •of later cases by this court is thereby established; but I do maintain that when this court refuses to order the certification of the record of a case in which a judgment has been duly entered in the court from which the appeal is sought, that judgment becomes final and is not again appealable to this court.
 

 Matthias,* Sohngen and Stewart, JJ., concur in the foregoing concurring opinion.