THE STATE, EX REL. SANDBACH, *v.* ROUDEBUSH ET AL.

(No. 1309—Decided April 7, 1969.)

*Mr. Carl Morgenstern,* for relator.
*Mr. Robert L. Bartels,* for respondents.

*Per Curiam.* This is an action in mandamus originating in this court in which the relator seeks a declaration that the decision of respondents not to re-employ her is null and void and an order that her employment be continued.

Relator was hired in the fall of 1965 by the Hamilton Board of Education as a teacher for the first grade for the school year 1965-1966. She was employed under a limited, that is, year-to-year, contract, which thereafter was renewed for the school years 1966-1967 and 1967-1968.

The controversy set forth in relator's petition arose as a result of the written notice given relator of the intention of the board of education not to re-employ her for the 1968-1969 school year. That notice was in the form of a letter to relator, dated April 18, 1968, over the signature of the clerk of the board. Minutes of the meeting of the board held April 16, 1968, disclose that the recommendation of the superintendent of schools not to re-employ relator was accepted unanimously.

The petition herein was filed June 6, 1968. On June 18, 1968, counsel sought and were granted a continuance by this court. Again, on August 12, 1968, the matter was continued so that depositions could be taken. The answer of respondents was filed August 21, 1968, and, on December 3, 1968, once more the hearing was postponed upon request of counsel to permit the taking of depositions.

During the course of these events, specifically on September 4, 1968, relator sought and obtained employment as a school teacher in the state of Florida.

On February 3, 1969, evidence in the form of depositions was received by this court, oral arguments heard, and counsel granted time in which to file briefs.

Very succinctly stated, it is relator's contention that she must be deemed to have been re-employed by force of Section 3319.11, Revised Code, because the action of the board taken April 16, 1968, was invalid. Consequently, relator prays for an order "to continue the employment of said relator *for the forthcoming school year 1968-1969 * * *.*" (Emphasis ours.)

It is readily apparent that when her petition was filed and first placed upon the calendar of this court a cause of action was stated, upon proof of which the relief sought was within our authority. However, it is just as obvious that the same situation does not now prevail. No order as prayed for could be issued, because of the passage of time. Therefore, in our estimation, the case has become moot.

Analogous matters have frequently been before the courts. In *Hughes* v. *Board of Revision,* 143 Ohio St. 559, the Supreme Court of Ohio considered the question whether there was authority to assess for taxation property which stood in the name of appellant. After noting that it was apparent that title to the property was no longer in appellant, the court concluded that a moot question was presented, declaring:

"* * * This court is not required to answer moot questions or declare principles of law which cannot affect the matter at issue in a case before it. * * *"

In *State, ex rel. Rhinehart,* v. *Celebrezze, Dir.,* 147 Ohio

St. 24, relator invoked the original jurisdiction of the Supreme Court of Ohio in mandamus and sought a writ compelling his promotion within the fire department. The answer alleged, among other things, that relator had not been certified to the director of public safety by the civil service commission for appointment to any vacancy in the rank sought. In overruling the demurrer to the answer and denying the writ of mandamus, the court said:

"It is well settled by the numerous decisions of this court that in exercising the extraordinary power of mandamus a court should take into consideration the facts and conditions existing at the time it determines whether to issue a peremptory writ; if it should affirmatively appear that no wrong could possibly be remedied or no right could possibly be enforced or promoted, the writ will be refused. * * * "

For a discussion of the general problem, see 35 Ohio Jurisprudence 2d 293-295, Mandamus, Section 43.

The case here, then, is moot because any judgment we might render could not be carried into effect; the determination sought could not have any practical effect upon the controversy stated.

Therefore, the writ sought is denied.

*Writ denied.*

SHANNON, P. J., and HILDEBRANT, J., concur.