[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 214.]

NATIONAL DISTILLERS & CHEMICAL CORPORATION, N.K.A. HENKEL
CORPORATION, APPELLEE *v*. LIMBACH, TAX COMMR., APPELLANT.

[Cite as *Natl. Distillers & Chem. Corp. v. Limbach*, 1994-Ohio-33.]

*Taxation—Machine drawings capitalized as part of machinery are exempt from
personal property tax—R.C. 5701.03, applied.*

(No. 93-671—Submitted October 25, 1994—Decided December 20, 1994.)

APPEAL from the Board of Tax Appeals, No. 90-X-552.

_____

{¶ 1} The Tax Commissioner, appellant, contends that the position National
Distillers & Chemical Corporation, appellee, argued concerning sales tax on
machine drawings in *Emery Industries, Inc. v. Limbach* (1989), 43 Ohio St.3d 134,
539 N.E.2d 608, precludes it from arguing what she views to be a contrary position
in this case. She also maintains that National Distillers did not prove a different
value for the drawings than she had found in her order.

{¶ 2} National Distillers operated what is now the Emery Group Division
of the Henkel Corporation, a producer of chemicals. It expanded its chemical plant
from 1981 through 1983. Its company engineers designed the basic process, but it
hired outside engineering firms to prepare the final drawings. It included these
drawings in bid packages, which were the subject of the *Emery* decision. National
Distillers retained the drawings after expanding the plant.

{¶ 3} The drawings were drafted on Mylar plastic. Mylar, a more
permanent material than paper, is transparent, and, thus, blueprints can easily be
reproduced from them.

{¶ 4} National Distillers continually refers to the drawings and updates
them when it modifies the plant. Its maintenance personnel also review the

drawings when repairing the machinery. National Distillers would transfer the drawings if it sold the equipment.

{¶ 5} For tax years 1984 and 1985, National Distillers claimed an exemption from personal property tax for these drawings, under R.C. 5701.03, at seventy-eight percent of the charges paid for outside engineering services. The commissioner, on review, determined that only thirty percent of the costs represented the cost of the drawings. National Distillers appealed this order to the Board of Tax Appeals ("BTA").

{¶ 6} National Distillers' director of engineering services testified at the BTA's hearing. During the plant expansion, the witness was a group leader of chemical engineering and supervised several of the expansion projects. He managed and reviewed the work of the outside engineers.

{¶ 7} The witness testified that, overall, seventy-eight percent of the costs charged by the outside engineers was for actual engineering drawings. He readily admitted that this number was his best estimate based on his personal experience in engineering and managing these projects.

{¶ 8} The BTA found the witness to be credible and agreed that seventy-eight percent of the costs were for the drawings. The remainder of the costs, the BTA determined, was for construction supervision, developing operating manuals, and administration.

{¶ 9} After the BTA hearing, the commissioner submitted exhibits entered into the record in *Emery Industries, Inc. v. Limbach*, *supra*, to establish that National Distillers had taken a contrary position in the *Emery* case. However, the BTA refused to take judicial notice of these exhibits. The BTA ruled that these exhibits were not facts generally known within its territorial jurisdiction or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

{¶ 10} The cause is now before this court upon an appeal as of right.

---

*Taft, Stettinius & Hollister*, *Stephen M. Nechemias* and *Patrick J. Mitchell*, for appellee.

*Lee Fisher*, Attorney General, and *James C. Sauer*, Assistant Attorney General, for appellant.

---

**Per Curiam.**

{¶ 11} The commissioner's first argument is in two parts. First, the commissioner argues that we may take judicial notice of exhibits admitted into evidence in the earlier case between her and National Distillers. Second, she argues that the facts presented in these exhibits tend to prove that the value of the drawings was inconsequential and that National Distillers is collaterally estopped from asserting that the value of the drawings was greater than set forth in these exhibits. We disagree.

{¶ 12} Evid. R. 201(B) states:

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonabl[y] be questioned."

{¶ 13} The exhibits submitted by the commissioner fail to fit into either category. The percentage of time outside engineers devoted to preparing drawings is not generally known within the territory of this court nor is the accuracy of the sources, the exhibits, reasonably beyond question. We cannot be sure of their context since no one testified to explain them.

{¶ 14} Moreover, the cases the commissioner cites allows us to take "judicial notice" of our docket records; the cases do not state that we may take judicial notice of evidence contained in the transcripts. In *State ex rel. Galloway v. Indus. Comm.* (1926), 115 St. 490, 154 N.E. 736, we reviewed our record to

determine that the same questions raised in a mandamus petition had been presented and disposed of in an earlier case. In *Klick v. Snavely* (1928), 119 Ohio St. 308, 164. N.E. 233, we reviewed our orders to determine that an allegation in a petition was not true. Finally, in *Hughes v. Butler Cty. Bd. of Revision* (1944), 143 Ohio St. 559, 28 O.O. 477, 56 N.E.2d 63, we took judicial notice of the record in a case previously before us to determine that we had already answered a principal question in the earlier case. These cases sound more like collateral estoppel cases; in none of these cases did we take judicial notice of the adjudicative facts contained in earlier cases.

{¶ 15} In truth, the commissioner's argument actually is a collateral estoppel, or issue preclusion, argument. In *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062, we stated:

"Collateral estoppel precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action.'"

{¶ 16} In *Krahn*, we determined that the issue decided in an earlier action did not resolve the issue then before the court. The earlier action decided whether a guilty plea was knowingly, voluntarily, and intelligently entered; the issue before us in *Krahn* was whether an attorney committed malpractice by failing to transmit a plea bargain offer.

{¶ 17} Turning to this case, we decided, in *Emery*, that the bid package, which included the drawings, was an inconsequential element of the transaction with the engineering companies. We determined that the overriding purpose in the Emery transactions was the receipt of professional, engineering services, not the bid package. Deciding this question did not decide, contrary to the commissioner's argument, that the personal property had insignificant value. Instead, we determined the objective of the purchaser in contracting with the engineering firms.

{¶ 18} The issue in the instant case is the value of the drawings. This issue is different from the issue in Emery and its determination is not barred by collateral estoppel.

{¶ 19} Next, as to the value of the drawings, the commissioner argues that the BTA should have included the costs of the drawings in the valuation of the machinery under full-cost-absorption principles, in which all costs associated with a machine are capitalized on the owner's books. She maintains that the BTA erred in believing the estimate of the witness.

{¶ 20} Nevertheless, R.C. 5701.03 exempts drawings from the personal property tax. In *Goodyear Aircraft Corp. v. Peck* (1954), 162 Ohio St. 200, 55 O.O. 101, 122 N.E.2d 700, we ruled that the language of R.C. 5701.03 is unambiguous and concluded that the costs of the drawings should not be included in the cost of the machinery. Furthermore, in *Youngstown Sheet & Tube Co. v. Bowers* (1957), 166 Ohio St.122, 1 O.O. 2d 345, 140 N.E.2d 313, paragraph four of the syllabus, we held that the commissioner cannot avoid the exemption in R.C. 5701.03 for drawings by arguing that he is only taxing the construction projects and that the books of the taxpayer show everything that the commissioner taxed as allocated to the cost of those projects. Thus, contrary to the commissioner's argument here, drawings capitalized as part of machinery are exempt from the personal property tax.

{¶ 21} Moreover, we may not reverse a determination of the BTA to grant credibility and weight to a witness absent a showing that the BTA abused its discretion in doing so. *Witt Co. v. Hamilton Cty. Bd. of Revision* (1991), 61 Ohio St.3d 155, 157, 573 N.E.2d 661, 663. The commissioner has not asserted that the BTA abused its discretion in believing the witness; she simply argues that the BTA erred in its decision. Under Witt, however, we affirm the BTA's decision to believe the witness.

{¶ 22} Accordingly, we affirm the BTA's decision.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.