OPINION
Plaintiff-appellant, Rickey L. Poole, appeals from a judgment of the Montgomery County Common Pleas Court dismissing his complaint pursuant to Civ.R. 12(B)(6). Poole alleged that defendant-appellee, Becker Motors, Inc., discriminated against him as a customer in violation of R.C. 4112.01, et sub. Apparently, Poole had sued Becker Motors earlier, over the same injury, for breach of contract and violation of consumer protection laws. The trial court dismissed Becker's action based on the running of the two-year statute of limitations for filing civil-rights suits and the doctrine of res judicata. We reverse the trial court's judgment, however, because the bar of the statute of limitations was not apparent on the face of the complaint. Thus, dismissal on such grounds was inappropriate under Rule 12(B) (6). In addition, res judicata is a defense that may not be raised in a Civ.R. 12(B)(6) motion in Ohio. Thus, the trial court erred in granting dismissal on that ground, as well.
 I
The appellant in this case, Rickey L. Poole, filed the complaint in the underlying case on July 17, 1998. According to the complaint, Poole had hired Becker Motors to restore his 1980 CJ7 Jeep in October, 1995. Becker Motors then failed to complete repairs on the Jeep for twenty-eight months, a date that appears to fall in February, 1998. Poole alleged in his complaint that the reason Becker Motors delayed repairs for so long was because Poole was an African American. Poole alleged that Becker Motors had a pattern of delaying service for African American customers.
Becker Motors filed a motion to dismiss under Civ.R. 12(B)(6) on August 7, 1998. Among other grounds for relief asserted in the motion, Becker Motors contended that the statute of limitations for a civil rights action had run by the time Poole had filed his complaint in July, 1998. Becker Motors also asserted the bar of res judicata. The company noted that Poole had already filed a complaint in the Montgomery County Common Pleas Court regarding the delay in repairing his Jeep on December 18, 1996, initiating Case No. 96-5284. The parties apparently reached some form of settlement agreement in that case in April, 1998, although the matter was not resolved by final judgment entry until June 9, 1999, some three months after judgment was entered in the case now being appealed. In light of this first action, Becker Motors asserted that the second action was barred by res judicata.
In a judgment entered March 17, 1999, the trial court sustained Becker Motor's motion and dismissed the case. The trial found, first, that the action was barred by the statute of limitations. Assuming that Poole stated a claim under R.C.4112.02(G), the trial court noted that the claim would be subject to a two-year statute of limitations pursuant to R.C. 4112.99. The trial court then found that any overt discriminatory act involving delay on the repairs had to have occurred before July 17, 1996. Thus, the court held that the action filed on July 18, 1998, over two years later, was barred.
As additional grounds for dismissal, the trial court also held that res judicata barred any further suit over the delay in repairing the Jeep. The court wrote:
 [T]he companion case in this matter (Case No. 96-5284) came before a jury April 21, 1998. Before the case was submitted to the jury, Plaintiff and Defendant reached a settlement and resolved all claims and counterclaims. The parties, through respective counsel, made a recording of the terms and conditions of the settlement agreement. Subsequently, Defendant sent a settlement check to Plaintiff's counsel.
The doctrines of res judicata and claims preclusion prevent Plaintiff from bringing additional lawsuits or causes of action arising from the same facts and transactions which were previously determined in Case no. 96-5284, heard by Judge Gorman. See Gravav. Parkman Township (1995), 73 Ohio St.3d 379. Therefore, the Court find that the cause of action is additionally barred by the doctrines of res judicata and claims preclusion.
Poole now appeals from that judgment of the trial court.
 II
Poole raises the following as his three assignments of error:
 I. WHETHER THE TRIAL COURT ERRED WHEN IT ISSUED AN ORDER OF [sic] TO DISMISS THE CASE WHEN THERE REMAINS A GENUINE ISSUE OF MATERIAL FACT ON THE CLAIM OF DISCRIMINATION.
 II. THE TRIAL COURT ERRED WHEN IT RULED PLAINTIFF FAILED TO FILE HIS ACTION IN A TIMELY MANNER.
 III. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT RES JUDICATA AND ISSUE PRECLUSION BARRED THE PLAINTIFF [sic] CLAIMS AGAINST DEFENDANT.
 We will take all three assignments of error together because none of the assignments independently asserts reversible error. Only if all three assignments of error are sustained, can the trial court's judgment be reversed.
The phrasing of Poole's first assignment of error suggests that his complaint stated a viable claim of discrimination, and the court erred for dismissing it. Nevertheless, the trial court did not dismiss Poole's complaint for failure to assert a set of facts that would state a claim for relief under Ohio's civil rights laws. The trial court based its decision only upon the statute of limitations and res judicata. As a consequence, neither party has seriously addressed on appeal the issue of whether a claim was otherwise stated. Nevertheless, because appellant's first assignment of error seems to raise the issue at least tangentially, we will address it briefly.
Poole did not state in his complaint the specific section or subdivision of Ohio's civil rights statutes from which his claim arose. In its decision, the trial court concluded that the action had to be based on either R.C. 4112.02(G) or R.C. 4112.02(H). Subsection (H), which deals with housing discrimination, does not appear to be an appropriate basis for relief in this case. Nevertheless, subsection (G) does appear to be appropriate. That subsection makes it illegal:
 For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, national origin, handicap, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.
 Certainly, Becker Motors is a place of public accommodation as defined under R.C. 4112.01(A)(9). If, as the complaint alleges, Becker Motors refused to provide the same service to Poole as it would to others, based on his race, that form of discrimination would be actionable under the subsection as a denial of the full enjoyment of the advantages of the business. Thus, Poole's complaint does appear to state a claim for violation of R.C. 4112.02(G).
A more important question here is whether the trial court erred in determining that the statute of limitations had run. We agree with the trial court that R.C. 4112.99 establishes a limitations period of two years applicable to this action. However, we disagree with the court's calculation of when that period began to run.
A defendant may only raise the defense provided by a statute of limitations in a Rule 12(B) (6) motion "when the complaint shows on its face the bar of the statute." Mills v. Whitehouse TruckingCo. (1974), 40 Ohio St.2d 55, 58. Rule 12(B) prohibits a court from considering matters outside the pleadings. Thus, we must look to Poole's complaint — the only pleading filed in this case — to determine when the statute of limitations began to run.
Generally, statutes of limitation governing claims of illegal discrimination commence to run when the plaintiff knows, or has reason to know in the exercise of due diligence, of the injury which is the basis for the action. Sevier v. Turner (1984), (C.A.6, 1984), 742 F.2d 262, 273. Poole's complaint alleged that Becker Motors delayed repairs on his Jeep from October, 1995 until February, 1998. It is not apparent on the face of the complaint when, during that interval, Poole became aware, or should have become aware, of the discrimination alleged. Thus, application of the statute of limitations upon a Civ.R. 12(B)(6) motion was inappropriate in this case.
The trial court determined that the statute of limitations began to run sometime before April 26, 1996. In the complaint, Poole stated that he made a substantial payment on that date in an effort to expedite the repair process. The trial court concluded from this statement that any actionable discrimination had to have occurred before then. We disagree with that interpretation of the statement, however. As we read it, Poole's statement only indicates that Becker Motors continued to delay repairs even after Poole made financial arrangements to speed things up. Thus, the statement implies that discrimination occurred after April 26, 1996, not before.
We note also that, generally, discrimination actions are not time-barred as long as at least one forbidden discriminatory act occurred within the relevant limitations period. See Gandy v.Sullivan Cty. (C.A.6, 1994), 24 F.3d 861 864; Brinkley-Obu v.Hughes Training, Inc. (C.A. 4, 1994), 36 F.3d 336, 349-351; see also Johnson v. Bernard Group (May 28, 1998), Cuyahoga App. No. 72552, unreported, at 2 (holding statute of limitations barred claim where lapse of more than two years fell between filing of complaint and last alleged discriminatory treatment). On the face of the complaint, which alleges delay in repairs into February, 1998, it is not certain when the alleged discriminatory activity ceased. Appellant has argued that the delay itself constituted a "continuing violation," for which the statute of limitations did not trigger until after his Jeep was returned to him. We need not reach that question. On the face of the complaint, it is not certain when the most recent act of alleged discrimination occurred, or when Poole should have been aware of the injury. Thus, the statute of limitations was not a proper ground for dismissing the complaint.
The other reason that the trial court granted Rule 12(B) (6) relief in this case was the doctrine of res judicata. In Ohio, however, the bar of res judicata cannot be raised in a motion to dismiss under Civ.R. 12(B)(6). Jim's Steak House, Inc. v. City ofCleveland (1998), 81 Ohio St.3d 18, 21; State ex rel. Freeman v.Morris (1991), 62 Ohio St.3d 107, 109 (per curiam). Necessarily, to apply res judicata, a trial court must consider matters outside of the pleadings, i.e. the final judgment and the events of earlier litigation. The appropriate vehicle, therefore, for raising the defense is a summary judgment motion. Freeman,62 Ohio St.3d at 109.
A court may take judicial notice of certain matters within the court's records. See Natl. Distillers Chem. Corp. v. Limbach
(1994), 71 Ohio St.3d 214, 216. Nevertheless, even matters which are judicially noticed are still "evidence." See Evid.R. 201. Thus, when a court relies on judicially noticed facts, it is relying on matter outside the pleadings. Civ.R. 12(B) does not permit a court to consider such matters. There is no question that by referring to the prior case, Montgomery C.P. No. 96-5284, the court relied on matters outside the scope of a Civ.R. 12(B)(6) review.
Civ.R. 12(B) does provide a means for converting a motion under Civ.R. 12(B)(6) into a motion for summary judgment:
 When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however that the court shall only consider such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
 In considering matters outside the pleadings, the trial court, in essence, converted the Civ.R. 12(B)(6) motion into a motion for summary judgment. See Bruno v. Lentz (Feb. 15, 1989), Montgomery App. No. 11003, unreported, at 4. When a court makes such a change, however, it must notify all parties all of that change. Petrey v. Simon (1983), 4 Ohio St.3d 154, 155, paragraph one of the syllabus. Otherwise the parties are not "given a reasonable opportunity to present all materials made pertinent to such a motion by Rule 56" as required under Rule 12(B). See id. at 155.
It may well be that this case is an appropriate one in which to apply the bar of res judicata. Appellant, however, must be given the opportunity to show why res judicata may not apply. The trial court did not extend that opportunity when it granted dismissal pursuant to 12(B) (6) and, as a consequence, the trial court erred.
Therefore, in light of the foregoing, we sustain all three of appellant's assignments of error. The judgment of the trial court is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed, and cause remanded.
GRADY, P.J., and FAIN, J., concur.
Copies mailed to:
Aaron G. Durden
Scott G. Oxley
Julie A. Droessler
Hon. Mary Donovan