OPINION
On October 29, 1998, appellee, the Stark County Department of Human Services, filed a complaint for permanent custody of Baby Boy Mingle born July 30, 1998. The complaint alleged neglect and dependency. The child's natural mother is appellant, Melinda Mingle, and the natural father is Duane Mingle. Appellee had prior cases with appellant involving two other children (Case Nos. JU95768 and JU97387) and with Mr. Mingle involving three other children (Case No. JU86137). On January 7, 1999, the parties stipulated that the child was dependent. A hearing commenced on January 20, 1999. By judgment entry filed March 2, 1999, the trial court terminated appellant's parental rights and granted permanent custody of the child to appellee. The trial court also filed findings of fact and conclusions of law. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED BY TAKING JUDICIAL NOTICE OF PRIOR JUVENILE CASES JU-95768, JU-97387, AND JU-86137.
 II THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 III THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
Appellant claims the trial court erred in taking judicial notice of the other cases that had been before the same court. We agree but find the error to be harmless. Judicial notice of adjudicated facts is governed by Evid.R. 201. In particular, subsection (B) states "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable * * * be questioned." (Footnote omitted.) Further, "public records" as defined in Evid.R. 1005 when "otherwise admissible" may be received as evidence. The propriety of taking judicial notice or accepting as evidence public records of prior court proceedings rests on whether the facts in the record are relevant and admissible to the case and whether it is proper to take judicial notice. Relevant evidence is defined in Evid.R. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." It must be further examined under Evid.R. 608(B) which governs specific instances of conduct and states as follows: Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. We find case files of the same court involving the same parties are not properly within the definition of judicial notice. National Distillers Chemical Corp. v. Limbach (1994), 71 Ohio St.3d 214; Diversified Mortgage Investors, Inc. v. Athens County Board of Review (1982), 7 Ohio App.3d 157. Although prior actions involving prior case plans may have been relevant, they were not admissible under Evid.R. 608(B). We conclude the trial court erred in taking judicial notice of the prior cases. The proper vehicle for admission would have been Evid.R. 1005. Evid.R. 608(B) bars admission. Having so concluded, we must examine whether the error was harmless under Civ.R. 61 which states as follows: No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
In Finding of Fact No. 4, the trial court incorporated the actions of appellant and Mr. Mingle in prior dependency cases: The court took judicial notice of related case JU86137 in which the biological father had failed to meet the requirements of a case plan regarding three half-siblings of the child who is the subject matter herein. The trial court also took judicial notice of related case JU97387 in which the biological mother was working on a case plan related to two half-siblings of the child who is the subject matter of the case herein.
From the chronological order of the trial court's findings of fact, it would appear Finding of Fact No. 4 relates to the January 7, 1999 temporary custody hearing (Finding of Fact No. 3) wherein the trial court had ordered "status quo on all existing orders in effect on January 7, 1999" (Finding of Fact No. 5). The remaining findings of fact specifically address the inability of appellant and Mr. Mingle to follow the case plan, their failure to visit and communicate with the child and their failure to provide safe and adequate housing. The evidence is clear that appellant has failed to continue her counseling with Sally David, a counseling therapist for Catholic Community Services. January 20, 1999 T. at 17, 21. Carol Hershey, a parenting instructor and case manager for Goodwill Industries, testified Mr. Mingle completed classes and obtained a participation certificate, the lowest certificate awarded by the program. Id. at 25. As part of his case plan, Mr. Mingle had to maintain one job but he was unable to do so. Id. at 31-32, 34-36. Mr. Mingle failed to prioritize his family needs as primary. Id. at 34. The home appellant and Mr. Mingle were living in was not appropriate because it was "substandard housing" and there was inadequate food in the home. Id. at 38-39. The bathrooms were not working. Id. at 39. There was a strong odor in the home and inadequate supplies for children. Id. at 40-41. The home was inappropriate for children. Id. at 69. Norma Thorpe, a family services worker for appellee, testified the case plan included "depression and substance abuse treatment for mom" and "[p]arenting skills for both of them." Id. at 75. It also included "individual and group counseling with anger management" for appellant and financial stability through employment and abuse counseling for Mr. Mingle. Id. at 76. The case plan also included the need to "maintain a suitable appropriate housing." Id. Neither appellant or Mr. Mingle completed counseling programs or had appropriate housing. Id. at 77. Since November of 1996, appellant and Mr. Mingle moved six times. Id. at 77-78. At the time of the hearing, appellant and Mr. Mingle lived with Mr. Mingle's mother. Id. at 78. During the last home visit, Ms. Thorpe was refused admittance beyond the living room. Id. The area Ms. Thorpe could observe was dirty. Id. Mr. Mingle has not maintained stable employment. Id. at 80. Within the past two years, there has been no progress on the case plans. Id. at 85. During the two months prior to the hearing, neither appellant or Mr. Mingle had appeared at scheduled visitations with the child. Id. at 86-88. Appellant has failed to continue counseling and AA and has only participated with the case plan fifty percent of the time. Id. at 91-92, 99. Ms. Thorpe has been unable to successfully contact appellant. Id. at 105. Based upon the overwhelming evidence of the inability of appellant and Mr. Mingle to fulfill the case plan, we find the error in admitting the prior cases as judicial notice was harmless and that it did not directly bear on the trial court's decision given the one hundred thirty-six pages of direct testimony at the hearing. Assignment of Error I is denied.
 II, III
Appellant claims the trial court's decision to award permanent custody of the child to appellee was against the manifest weight of the evidence. We disagree. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. The parties had stipulated that the child was dependent. R.C. 2151.414(E) requires the presentation of clear and convincing evidence that one or more of the listed factors exist as to each parent before an award of permanent custody can be made. Pertinent to this appeal are the following factors: (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child; (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
(16) Any other factor the court considers relevant.
The trial court based its decision on these factors as evidenced by the following findings of fact: 17. Following the placement of Baby Boy Mingle outside his parent's home and notwithstanding reasonable case planning and diligent efforts by SCDHS to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parents have failed repeatedly and continually for a period of six months to substantially remedy the problems that initially caused the child to be placed outside the home.
 18. The parents have demonstrated a lack of commitment toward the child by failing regularly to support, visit, and communicate with him when able to do so.
 19. The parent is unwilling or unable to provide food, clothing, shelter, and other basic necessities for this child.
As cited to in Assignment of Error I, we find these facts to have been established by clear and convincing evidence in the record. Pursuant to R.C. 2151.414(D), the trial court is to consider various factors in determining the best interests of the child: (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) The custodial history of the child; (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency. At the "best interests" hearing, Ms. Thorpe testified the child was developmentally on target. January 21, 1999 T. at 7. The child is currently placed with his half-siblings. Id. The child has bonded with his half-siblings and his foster parents but has bonded very little with appellant and Mr. Mingle because he was removed at birth and they have not spent a great deal of time with him. Id. at 7-8. The child is suitable for adoption. Id. at 8. Based upon the failure of appellant and Mr. Mingle to fulfill the case plan since 1996 and no viable alternative as to placement, we find the trial court did not err in granting permanent custody of the child to appellee. Assignments of Error II and III are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division, is hereby affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.