OPINION
{¶ 1} Defendant-Appellant, Frank Holland, appeals a judgment of the Hardin County Court of Common Pleas, granting Plaintiff-Appellee's, Community First Bank ("Community First"), motion to dismiss Holland's motion for cross/counter claims. On appeal, Holland asserts that the trial court erred in ruling that only Community First and Plaintiff's, Creates Farms Excavating, LLC ("Creates"), claims were still pending, that the trial court erred in ignoring the plain language of a prior judgment entry and that the trial court erred in ruling that Holland's claims were barred by res judicata. Finding that Holland has failed to file a complete record in this case, we are unable to review his assignments of error. Accordingly, the trial court's judgment is affirmed.
 {¶ 2} In June of 2002, in case number 20021149CVE (hereinafter referred to as "Case No. 1149"), Community First filed a foreclosure action against Holland and other defendants, regarding the indebtedness owed to Community First by Holland. In its complaint, Community First included twelve claims; each claim involved a separate piece of property. All defendants answered except for Holland. In July of 2002, Holland, through his attorney, filed a notice of bankruptcy. As a result, Community First's foreclosure action was stayed. In early 2003, the case was reactivated and the trial court granted Holland leave to file responsive pleadings and to obtain new counsel. Holland never filed any responsive pleadings in Case No. 1149.
 {¶ 3} In May of 2003, the trial court granted Community First's motion for default judgment against Holland on all twelve claims, finding that Holland had failed to file any response. Additionally, the sales of the first eleven properties were ordered; however, sale on the twelfth property was stayed pending a priority dispute between Community First and Creates. In the May 2003 judgment entry, the trial court stated that the issue of priority on the twelfth property would be determined at a later date.
 {¶ 4} In February of 2003, while Case No. 1149 was pending, Creates filed case number 20031036CVE (hereinafter referred to as "Case No. 1036") against Holland. Creates action sought judgment for work performed on the water and sewer lines for Holland and for foreclosure of a mechanics lien on real estate described in the twelfth claim in Community First's Case No. 1149. In March of 2003, Holland, through his attorney, filed an answer in Case No. 1036. In August of 2003, Case No. 1036 was stayed pending Holland's bankruptcy filing. In February of 2004, the case was reactivated.
 {¶ 5} In December of 2003, Community First filed a motion to consolidate these two cases. In April of 2004, the trial court granted Community First's motion and the twelfth claim of Case No. 1149 was consolidated with Creates' claims in Case No. 1036.
 {¶ 6} Subsequently, it appears from the final judgment entry, in Case No. 1036, Holland filed what he captioned as "Answer to Cross Claim by Defendant Holland and Counter Claim Against Cross Claimant." According to the trial court's judgment entry, Holland's motion was an attempt to answer Community First's claims in Case No. 1149. Additionally, it appears from the trial court's judgment entry that Community First filed a motion to dismiss Holland's filings.
 {¶ 7} In April of 2005, the trial court issued a judgment entry on the above motions. Finding that all issues were rendered moot by an earlier agreed upon entry in Case No. 1036 and the trial court's previous May 2002 default judgment entry, the trial court granted Community First's motion to dismiss Holland's filings and ordered Holland's filings to be dismissed.
 {¶ 8} It is from this judgment Holland appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The trial court erred in ruling that the only claims pending at thetime of the filing of the Motion to Dismiss were those of PlaintiffCreates and Defendant Bank and that Appellant's Counter/Cross Claims wereprecluded by a prior default judgment.
 Assignment of Error No. II The trial court erred in ignoring the plain language of his predecessorin the same case when Appellant had relied on that prior order to hisdetriment.
 Assignment of Error No. III The trial court erred in allowing the use of a Rule 12(B) 6 (sic.)motion as means to raise the defense of res judicata.
 Assignments of Error Nos. I, II III {¶ 9} In the first assignment of error, Holland contends that the trial court erred in finding that Holland was precluded from raising claims as to the twelfth claim in Case No. 1149. In the second assignment of error, Holland contends that the trial court misinterpreted its own language in a prior ruling in Case No. 1149. Finally, in the third assignment of error, Holland contends that he is not barred by res judicata from raising a claim as to the twelfth property.
 {¶ 10} Initially, we note that it is an appellant's duty to transmit the record of the proceedings below. See App.R. 9, App.R. 10 and Loc.App.R. 3(D). Without such a record being properly preserved and presented for our review, we have nothing to review. Hence, we are unable to review those matters that are based on a record not before us. As stated in Paulin v. Midland Mutl. Life Ins. Co. (1974), 37 Ohio St.2d 109,112, "* * * the Court of Appeals is bound by the record before it and may not consider facts extraneous thereto." See, also, State v. Ishmail
(1978), 54 Ohio St.2d 402. Accordingly, we restrict our review to the record presently before us.
 {¶ 11} In this case, Holland's notice of appeal limits his appeal to Case No. 1149. As such, the only record we have been provided is the record for that case. However, upon review of the judgment entry being appealed and the record we have been provided, we find that Case No. 1149 and Case No. 1036 were consolidated below. However, the record for Case No. 1149 contains none of the motions addressed by the trial court in its judgment entry. Additionally, it appears from the judgment entry, that all the motions were filed in Case No. 1036. Thus, because the record is wholly incomplete, we are unable to review appellant's assignments of error. Accordingly, assignments of error one, two and three are not well taken and overruled.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Shaw, JJ., concur.