[Cite as *State v. Stoffer*, 2015-Ohio-352.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

ALEX K. STOFFER

      Defendant-Appellant

:


Appellate Case No.    26268

Trial Court Case No.   2013-CR-3608


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 30th day of January, 2015.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ELIZABETH C. SCOTT, Atty. Reg. No. 0076045, 120 West Second Street, Suite 603, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Defendant-appellant, Alex K. Stoffer, appeals from his conviction and sentence in the Montgomery County Court of Common Pleas after a jury found him guilty of possessing of heroin.   Stoffer contends the statute governing the offense level and penalty for possession of heroin, R.C. 2925.11(C)(6)(d), violates his constitutional rights to due process and equal protection of the law.   He also contends the mandatory three-year prison term imposed by the trial court is contrary to law.   We disagree with Stoffer's contentions, and for the reasons outlined below, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2}     On January 8, 2014, Stoffer was indicted for one count of possession of heroin in an amount that equals or exceeds 100 unit doses but is less than 500 unit doses in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(6)(d), a felony of the second degree.   The charge was based on police discovering 185 heroin capsules in a vehicle driven by Stoffer during a pre-tow inventory search conducted after Stoffer was arrested for driving under suspension.

{¶ 3}     Following his indictment, Stoffer filed a motion to dismiss the possession charge on grounds that the statute governing the offense level and penalty for possession of heroin, R.C. 2925.11(C)(6)(d), is unconstitutional.   The trial court overruled the motion to dismiss and the matter proceeded to a jury trial.

{¶ 4}     Among the witnesses presented at trial was Todd Yoak, a forensic scientist at the

Miami Valley Regional Crime Laboratory. Yoak testified that he analyzed the capsules discovered in Stoffer's vehicle and confirmed that they contained heroin. Yoak also testified that the total weight of all the capsules' contents was 4.38 grams. After hearing all the trial testimony, the jury deliberated and ultimately found Stoffer guilty of possession of heroin as charged. The trial court then sentenced Stoffer to a mandatory three-year prison term.

{¶ 5} Stoffer now appeals from his conviction and sentence raising two assignments of error for review.

**First Assignment of Error**

{¶ 6} Stoffer's First Assignment of Error is as follows:

MR. STOFFER'S CONVICTION IS UNCONSTITUTIONAL IN THAT THERE

IS AN ARBITRARY AND IRRATIONAL DISTINCTION BETWEEN BULK

AND UNIT DOSES OF HEROIN.

{¶ 7} Under this assignment of error, Stoffer challenges the constitutionality of R.C. 2925.11(C)(6)(d) on grounds that the statute violates his rights to due process and equal protection of the law. Specifically, Stoffer claims the statute: (1) provides an arbitrary and irrational distinction between bulk amounts and unit doses of heroin; (2) permits unwarranted sentencing disparities between offenders who possess unit doses and offenders who possess bulk amounts; and (3) permits the State to discriminatorily and arbitrarily enforce the law governing possession offenses. We disagree with Stoffer's contentions.

{¶ 8} "It is difficult to prove that a statute is unconstitutional." *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 25. "All statutes have a

strong presumption of constitutionality. * * * Before a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.' " *Id*., quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

{¶ 9} "When reviewing a statute on due-process grounds, we apply a rational-basis test unless the statute restricts the exercise of fundamental rights." (Citations omitted.) *Id*. at ¶ 49. A statute is deemed valid under a due-process rational basis test " ' "if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and * * * if it is not unreasonable or arbitrary." ' " *Id*., quoting *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 274, 503 N.E.2d 717 (1986), quoting *Benjamin v. Columbus* , 167 Ohio St. 103, 146 N.E.2d 854 (1957), paragraph five of the syllabus. In other words, "[u]nder the rational-basis test, a statute survives if it is reasonably related to a legitimate government interest." (Citation omitted.) *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 18.

{¶ 10} Similarly, under a traditional equal protection analysis, " '[a] statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause of the Ohio or United States Constitutions if it bears a rational relationship to a legitimate governmental interest.' " *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 8, quoting *Menefee v. Queen City Metro*, 49 Ohio St.3d 27, 29, 550 N.E.2d 181 (1990). "In determining whether a legislative classification has a rational basis, the test is whether any state of facts, either known or which can reasonably be assumed, supports the classification." *State v. Draughn*, 2d Dist. Montgomery No. CA 9664, 1987 WL 7511, *4 (Mar. 3, 1987). "If the question is at least debatable, then the decision is a

legislative one and the classification will be upheld." *Id.*, citing *United States v. Carolene Products Co.*, 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). "A court will set aside a legislative classification only where it is clear beyond a reasonable doubt that there is no rational basis for that classification." *Id.*, citing *State v. Babcock*, 7 Ohio App.3d 104, 454 N.E.2d 556 (10th Dist.1982), paragraph two of the syllabus.

{¶ 11} As previously noted, Stoffer contends that R.C. 2925.11(C)(6)(d) violates his rights to due process and equal protection of the law because he claims the statute sets forth an arbitrary and irrational distinction between bulk amounts and unit doses of heroin and permits unwarranted sentencing disparities between offenders who possess unit doses and offenders who possess bulk amounts. We note that "bulk amount" is a legal term of art that does not apply to heroin. *See* R.C. 2925.11(C)(1) and (C)(6); R.C. 2925.01(D); *see also State v. Santiago*, 195 Ohio App.3d 649, 2011-Ohio-5292, 961 N.E.2d 264, ¶ 72 (2d Dist.) (Hall, J., concurring in part and dissenting in part) (" 'Bulk amount' is now used to stratify the level of drug offenses, except for those involving marijuana, cocaine, LSD, heroin, and hashish, which have their own separate quantity/level classification"). Therefore, we will instead review Stoffer's constitutional claims under the correct quantity/level classification provided for in R.C. 2925.11(C)(6)(d).

{¶ 12} Pursuant to R.C. 2925.11(C)(6)(d):

(6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of [R.C. 2925.11] is guilty of possession of heroin. The penalty for the offense shall be determined as follows:

* * *

(d) If the amount of the drug involved equals or exceeds one hundred unit doses but is less than five hundred unit doses or equals or exceeds ten grams but is less than fifty grams, possession of heroin is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.

{¶ 13} " 'Unit dose' means an amount or unit of a compound, mixture, or preparation containing a controlled substance that is separately identifiable and in a form that indicates that it is the amount or unit by which the controlled substance is separately administered to or taken by an individual." R.C. 2925.01(E). The heroin capsules discovered in Stoffer's vehicle fall under this definition.

{¶ 14} In this case, Stoffer essentially argues that under R.C. 2925.11(C)(6)(d), his possession of 185 unit doses of heroin, which contained a total of 4.38 grams of the drug, subjects him to a second-degree felony and a mandatory prison term, while under section (b) of the same statute, possessing 4.38 grams of heroin by itself is only a fourth-degree felony that does not mandate a prison term. *See* R.C. 2925.11(C)(6)(b). In other words, Stoffer claims that R.C. 2925.11(C)(6) provides unequal penalties for essentially same conduct and that there is no rational basis for distinguishing between offenders who possess unit doses and offenders who possess heroin by itself.

{¶ 15} We addressed a similar argument in *Draughn*, 2d Dist. Montgomery No. CA 9664, 1987 WL 7511 (Mar. 3, 1987). In *Draughn*, the appellant was convicted of multiple counts of trafficking cocaine and possession of cocaine. *Id.* at *1. Appellant argued that the sentencing scheme in effect at that time for drug trafficking under R.C. 2925.03 violated his right

to due process because a person who sells a mixture of five grams of cocaine with 20 grams of sugar would be subject to a second-degree felony and incarceration, while a person who sells just five grams of cocaine by itself is subject to a third-degree felony and no incarceration. *Id*. at *3. We determined that appellant's argument instead implicated the equal protection clause and concluded that the legislature had a rational basis for increasing the penalty for persons who dilute or cut controlled substances before selling them because the purpose of doing so is to increase drug sales. *Id*. at *4.

{¶ 16} In reaching the foregoing conclusion in *Draughn*, we cited *State v. Webster*, 8th Dist. Cuyahoga No. 42778, 1981 WL 4982 (May 21, 1981). Like *Draughn*, the appellant in *Webster* was convicted of drug trafficking and challenged the constitutionality of R.C. 2925.03 on equal protection grounds arguing the statute permitted greater penalties for trafficking in unit doses. *Webster* at *1-2. The Eighth District concluded there was a rational basis for increasing the penalty for selling in unit doses because the purpose of R.C. 2925.03 is to minimize drug trafficking and where "a controlled substance is packaged in discrete units for consumption, it was reasonable for the legislature to assume that a larger number of unit doses would create a larger number of drug incidents, and that it would thus deter the distribution of drugs to a wider audience to increase the penalty as the number of units distributed increases." *Id*. at *2.

{¶ 17} Stoffer acknowledges that there is a rational basis for imposing greater penalties for trafficking in unit doses, but argues there is no rational basis for such a penalty increase with respect to mere possession offenses. We disagree, as the clear purpose of R.C. 2925.11 is to proscribe the possession and use of controlled substances, and this purpose is legitimately served by increasing the penalty for possessing controlled substances in a form that facilitates more

instances of abuse. By deterring offenders like Stoffer from possessing heroin in an easily distributable form, the statute effectively curtails the potential for distribution and prevents future possession and use offenses by others.

{¶ 18} It is also reasonable to assume that those who possess several unit doses of heroin are not just users, but are in the chain of distribution. The present case supports this assumption, as the presentence investigation report notes that Stoffer indicated he was a heroin dealer. Accordingly, there exists a rational basis for distinguishing between offenders who possess heroin by itself and those who possess unit doses, as those who possess unit doses are capable of causing more widespread incidents of abuse.

{¶ 19} Stoffer also contends that the sentencing scheme under R.C. 2925.11(C)(6) permits the State to discriminatorily and arbitrarily enforce the law since it may charge a defendant with possession of drugs either in unit doses or by weight in grams when the charge is based upon the same physical quantity of drugs. However, "the existence of prosecutorial discretion concerning which offense to charge when two statutes prohibit the same conduct is not unconstitutional unless [the] defendant demonstrates such discretion is exercised to impermissibly discriminate against a particular class of persons to which he belongs." *State v. Powell*, 87 Ohio App.3d 157, 621 N.E.2d 1328 (8th Dist. 1993). *Accord State v. Payne*, 8th Dist. Cuyahoga No. 86280, 2006-Ohio-3005, ¶ 12.

{¶ 20} Here, the State charged Stoffer with a second-degree felony under R.C. 2925.11(C)(6)(d) for possessing 185 unit doses of heroin as opposed to a fourth degree-felony under R.C. 2925.11(C)(6)(b) for possessing 4.38 grams of heroin. Stoffer has failed to demonstrate that this decision impermissibly discriminated against a particular class of persons to

which he belongs, i.e. possessors of unit doses, as we have already established that there is a rational basis for imposing greater penalties on those who possess drugs in unit doses.

{¶ 21} For the foregoing reasons, we conclude Stoffer was not denied his constitutional rights to due process or equal protection of the law and, therefore, overrule his First Assignment of Error.

## Second Assignment of Error

{¶ 22} Stoffer's Second Assignment of Error is as follows:

MR. STOFFER'S THREE[-]YEAR PRISON SENTENCE IS CONTRARY TO LAW.

{¶ 23} Under his Second Assignment of Error, Stoffer contends his mandatory three-year prison sentence is contrary to law because the trial court failed to discuss on the record the factors it is required to consider pursuant to R.C. 2929.11(A).

{¶ 24} We review all felony sentences under R.C. 2953.08(G)(2). *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). Pursuant to this statute:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division

(B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or

division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant.

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

**{¶ 25}** " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer* at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. We emphasize that "[t]he court is not required to make specific findings or to use the exact wording of the statute[s]." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 24978, 2012-Ohio-4756, ¶ 8. "Furthermore, even if there is no specific mention of those statutes in the record, 'it is presumed that the trial court gave proper consideration to those statutes.' " *State v. Cave*, 2d Dist. Clark No. 09-CA-6, 2010-Ohio-1237, ¶ 10, quoting *Kalish* at fn. 4.

**{¶ 26}** In this case, Stoffer was convicted of possessing heroin in an amount equaling or exceeding 100 unit doses, but not more than 500 unit doses. Pursuant to R.C. 2925.11(C)(6)(d), this is a felony of the second degree in which a mandatory prison term is required. The trial court imposed a mandatory three-year prison term, which is within the prescribed statutory range for second-degree felonies. *See* R.C. 2929.14(A)(2). Additionally, the trial court stated at the sentencing hearing that it considered the purposes and principles of sentencing and the

seriousness and recidivism factors prior to imposing Stoffer's prison sentence. *See Trans*. (June 3, 2014), p. 282. We therefore conclude the sentence is not contrary to law, as it is within the prescribed statutory range and the trial court expressly stated that it made the required considerations.

{¶ 27} We note that we have reviewed Stoffer's sentence under the standard of review set forth in *Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069. In *Rodeffer*, we held that we would no longer use an abuse-of-discretion standard in reviewing a sentence in a criminal case, but would apply the standard of review set forth in R.C. 2953.08(G)(2). Since then, opinions from this court have expressed reservations as to whether our decision in *Rodeffer* is correct. *See, e.g., State v. Garcia*, 2d Dist. Greene No. 2013-CA-51, 2014-Ohio-1538, ¶ 9, fn. 1; *State v. Johnson*, 2d Dist. Clark No. 2013-CA-85, 2014-Ohio-2308, ¶ 9, fn. 1. Regardless, in the case before us, we find no error in the sentence imposed under either standard of review.

{¶ 28} Stoffer's Second Assignment of Error is overruled.

## Conclusion

{¶ 29} Having overruled both of Stoffer's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J. and FAIN, J., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Elizabeth C. Scott
Hon. Mary Katherine Huffman