[Cite as *In re Name Change of M.J.*, 2019-Ohio-2065.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

IN RE:  THE NAME CHANGE OF:

    **M.J.,**

**[L.L. - APPELLANT]**

CASE NO.  2-18-12

**O P I N I O N**

Appeal from Auglaize County Common Pleas Court
Probate Division
Trial Court No. 2018 NC 25

**Judgment Affirmed**

**Date of Decision:**   **May 28, 2019**

APPEARANCES:

    *Aaron D. Lowe* **for Appellant**

**SHAW, J.**

{¶1} Petitioner-appellant, L.L. ("Mother"), appeals the October 1, 2018 judgment of the Auglaize County Court of Common Pleas, Probate and Juvenile Divisions, denying her petition to change the surname of her minor child, who is fathered by Respondent-appellee, B.J. ("Father"). On appeal, Mother claims that the trial court abused its discretion when it denied her petition for a name change of the child.

*Procedural History*

{¶2} On June 18, 2018, Mother filed a petition for a name change of the parties' minor child, M.J. (born in 2011). Specifically, Mother sought to change the child's surname from that of Father's to her own, which is also Mother's maiden name. Father filed a response opposing the petition.

{¶3} On September 25, 2018, the trial court conducted a hearing on the matter. On October 1, 2018, the trial court issued a judgment entry denying the petition finding that changing M.J.'s surname is not in M.J.'s best interest.

{¶4} Mother filed this appeal, asserting the following assignment of error.

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION TO CHANGE THE NAME OF MINOR CHILD BECAUSE THE TRIAL COURT FAILED TO APPLY THE PROPER LEGAL STANDARD ARTICULATED BY THE OHIO SUPREME COURT IN *IN RE WILLHITE*, TO THE FACTS OF THE INSTANT CASE.**

{¶5} In her sole assignment of error, Mother argues that the trial court abused its discretion in denying her petition to change M.J.'s surname. Specifically, Mother contends that the trial court failed to adequately consider the factors stated by the Supreme Court of Ohio in *In re Willhite,* 85 Ohio St.3d 28, 1991-Ohio-201.

*Legal Standard*

{¶6} The probate court may order a change of name if the application for change shows "reasonable and proper cause for changing the name." R.C. 2717.01(A). "When deciding whether to permit a name change for a minor child pursuant to R.C. 2717.01(A), the trial court must consider the best interest of the child in determining whether reasonable and proper cause has been established ." *In re Willhite*, 85 Ohio St.3d 28 (1999), paragraph one of the syllabus. The Supreme Court of Ohio, in *Willhite*, held that the trial court should consider the following factors when determining whether a change of a minor's surname is in the best interest of a child:

> **the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest.**

*Willhite*, 85 Ohio St.3d 28 at paragraph two of the syllabus.

**{¶7}** On appeal, our role is not to reweigh the evidence, but to determine whether the trial court's application of the law to the facts presented amounted to an abuse of discretion. *In re Crisafi*, 104 Ohio App.3d 577 (1995). "The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Evidence Adduced at the Hearing*

**{¶8}** Mother testified that Father's paternity had been legally established by the trial court in December of 2012 and at that time he was granted parenting time with M.J. However, Mother stated that Father has not exercised his parenting time since January 1, 2013. Mother also testified that M.J. has been enrolled in the same school district since 2014 under Mother's surname even though Father's surname is stated on M.J.'s birth certificate. Mother further stated that M.J.'s friends and teachers only know M.J. by Mother's surname. Mother explained that M.J. has been primarily raised among Mother's extended family, many of whom have Mother's surname. She also stated that M.J. does not know that her last name is different from Mother's and her family's and is confused when she is called by her Father's surname at the doctor's office.

**{¶9}** Mother also acknowledged that she first filed a name change petition in 2015 to change M.J.'s surname to her own, which she voluntarily dismissed. In

support of her petition to change M.J.'s name, Mother maintained that it is in M.J.'s best interest to have the same surname of the family with whom M.J. spends the most time. Mother explained that M.J. lives with her at M.J.'s maternal grandparents' home, is extremely close to Mother's family, and is not familiar with Father or his family. Therefore, Mother asserts that M.J. should have Mother's surname, rather than Father's surname. Mother also presented the testimony of the principal of the elementary school that M.J. attends and M.J.'s aunt, also Mother's sister, to bolster Mother's testimony that people in the community believe M.J.'s surname is that of Mother's.

{¶10} Father testified opposing the name change petition. Father explained that he and Mother were involved in a relationship for two years. When M.J. was born, he was legally determined to be M.J.'s father and is current on his child support payments. Father also provides health insurance for M.J. through his employer. Father claimed that Mother has interfered with his parenting time with M.J. Father also claimed that Mother has refused to have contact with him and has failed to provide any current information for him to locate Mother and M.J.'s whereabouts. Father stated that Mother has prevented him and his family from having a relationship with M.J. Notably, Mother denied these allegations by Father and stated that she has had the same contact information for the last several years.

{¶11} Father explained that he opposed the petition because sharing a common last name is his only bond with his daughter. He expressed his concern that Mother would further alienate M.J. from him if the name change petition is granted. Father also presented the testimony of his mother, M.J.'s paternal grandmother, who reiterated Father's testimony regarding Mother's distain towards Father and the "excuses" that Mother made to obstruct Father's exercise of his parenting time. (Tr. at 57). Paternal Grandmother further explained that Mother's actions have led to her and other members of Father's family having no relationship with M.J.

{¶12} In its judgment denying Mother's petition to change M.J.'s surname, the trial court stated the following:

> **After the consideration of all the Evidence and testimony that has been presented, the Court does not find that it would be in the best interest of this child to legally change her last name * * *. It appears to the Court that the only remaining connection that the natural father has with the minor child is [his] last name []." Both parties are at fault for the minor child not having a relationship with the natural father. The natural mother has not fostered a relationship and the natural father has not attempted to assert his rights with regard to visiting the child. To change the child's last name at this point in time, would serve to do nothing more than completely alienate any potential relationship the child may have with her natural father. The Court finds that that complete alienation would not be in the child's best interest and the petition to change her name is therefore DENIED.**

(Doc. No. 38 at 2).

*Discussion*

**{¶13}** On appeal, Mother claims that the trial court failed to apply the factors articulated by the Supreme Court of Ohio in *Willhite*. At the outset we note that the trial court specifically referenced its reliance on *Willhite* before pronouncing its decision to deny the petition on the record. Moreover, it is clear from the record that the trial court applied the appropriate legal standard in this case. Therefore, we find no merit in Mother's contention on appeal that the trial court misapplied the law.

**{¶14}** Rather, it is apparent that Mother disputes the trial court's conclusion that she failed to carry her burden in proving that changing M.J.'s surname is in M.J.'s best interest. *See D.W. v. T.L.*, 134 Ohio St. 3d 515, 519, 2012-Ohio-5743, ¶ 17 citing *In re Change of Name of Halliday*, 11th Dist. No. 2005-G-2629, 2006-Ohio-2646, ¶ 18 (noting that the burden is on the party who seeks the name change to establish that the change is in the child's best interest).

**{¶15}** Specifically, the trial court stated on the record that:

**A parent can call a child by whatever name they choose to do so. For some reason, and nobody's really explained to the Court why this child's name at the time she was born was chosen to be [Father's surname] and the Court has not heard any evidence as to indicate why at this point in time, other than this child's confusion, that her name ought to be changed. The Court believes this child being the age she is and under all of the circumstances, believes that the only connection at this point she has with her father is her last name, legally. What she's called otherwise is up to her mother and her mother has already enrolled her as**

-7-

> **[Mother's surname] and has her friends calling her [Mother's surname], which probably won't change.**
>
> **To legally change her name at this point in time, the Court doesn't believe to be in her best interest, as it would be the last remaining connection she has with her father * * * When she becomes an adult and wants to change her own last name she may do so.**

(Tr. at 72-73).

{¶16} Mother maintains that the trial court failed to adequately consider the fact that M.J. already thinks her last name is the same as Mother's and her concern about the confusion that arises when M.J. is referred to by Father's surname. However, as noted by the trial court, Mother created this scenario by failing to be honest with M.J. about her given surname and by perpetuating the confusion when she chose to enroll M.J. under Mother's surname at school. In effect, for most of M.J.'s life, Mother has attempted to remove Father's surname from M.J.'s name without effectuating it through the legal process of a name change petition. Father admittedly does not insist on exercising his parenting rights, in spite of Mother's apparent obstruction, however, Father does financially support M.J. through child support and providing insurance coverage. The trial court was apparently skeptical of Mother's motives for changing M.J.'s surname and the general import of Mother's testimony was that the change of name should be granted on the basis of the Mother's own wishes and to ratify her own conduct and not, as the law requires, in the best interests of the child.

{¶17} Based on our review of the evidence, we cannot find that the trial court abused its discretion in denying Mother's application to change M.J.'s surname. While the factors set forth in *Willhite* show that a name change would not necessarily be harmful to M.J., they do not necessarily demonstrate that a name change would be in M.J.'s best interest. *In re Zachary Dayton*, 155 Ohio App.3d 407, 2003-Ohio-6397, ¶ 2 (7th Dist.). Therefore, we conclude that the trial court acted within its discretion in denying the application.

{¶18} For all these reasons, the assignment of error is overruled and the judgment is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**