[Cite as *In re Change of Name K.S.G. to K.S.G-B.*, 2020-Ohio-4515.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

IN RE:  CHANGE OF NAME OF:

       **K.S.G. TO K.S.G-B.**

**[J. G. - APPELLANT]**

CASE NO.  5-20-03

O P I N I O N

**Appeal from Hancock County Common Pleas Court
Probate Division
Trial Court No. 20186067**

**Judgment Affirmed**

**Date of Decision:   September 21, 2020**

**APPEARANCES:**

    *James S. Adray* **for Appellant**

    *Howard A. Elliott* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Petitioner-appellant, J.G. ("Father"), appeals the December 13, 2019 judgment of the Hancock County Court of Common Pleas, Probate Division, denying his objections to the magistrate's decision of June 19, 2019 and granting the Respondent-appellee, C.B.'s ("Mother") (collectively "parties") request to hyphenate the surname of the parties' minor child, K.S.G. For the reasons that follow, we affirm the decision of the trial court.

*Procedural History*

{¶2} On December 7, 2018, Mother filed a petition for a name change of the parties' minor child, K.S.G. (born in 2016).[1] (Doc. Nos. 1, 4). Specifically, Mother sought to change K.S.G.'s surname from that of Father's surname (only) to a hyphenated surname which included both Father's and Mother's surnames.[2] (*Id.*).

{¶3} On June 7, 2019, a hearing on the name-change petition was conducted by the trial court's magistrate. (June 7, 2019 Tr. at 4); (Doc. Nos. 15, 19). On June 19, 2019, the magistrate issued a decision recommending that the trial court grant Mother's request to hyphenate K.S.G.'s surname to K.S.G-B. (Doc. No. 15). Father filed objections to the magistrate's decision on July 2, 2019. (Doc. Nos. 16, 22).

---

[1] At the time of the filing of Mother's petition, the parties had pending litigation in Hancock County Court of Common Pleas, Juvenile Division, as to parenting time and litigation from an unspecified time frame to recover Mother's personal property from Father in Wood County. (June 7, 2019 Tr. at 12, 15-16); (Doc. Nos. 13, 19, 26).

[2] Father did not file a response to Mother's petition.

Case No. 5-20-03

Mother filed a memorandum in opposition to Father's objections on August 13, 2019. (Doc. No. 23). On December 13, 2019, the trial judge issued its independent review and judgment entry denying the Father's objections, and approving and adopting the magistrate's recommendation to hyphenate K.S.G.'s surname. (Doc. No. 24).

{¶4} Father filed his appeal on January 10, 2020, asserting the following assignments of error. (Doc. Nos. 25, 26, 27, 28).

*Assignments of Error*

**Assignment of Error I**

**Respondent's Motion For Dismissal At The Close Of Plaintiff's Case Should Have Been Granted, And Because It Was Denied The Respondent Was Required To Carry The Burden As To Why It Should Not Be Granted Which Violates *In Re Willhite* [sic]**

**Assignment of Error II**

**Name Changes Require Negative Acts By A Parent When The Surname Is Given By Both Parents Which A Change In Circumstance Effecting The Child [sic]**

**Assignment of Error III**

**There Is Insufficient Evidence Other Than Speculation By The Magistrate To Support Any Allegation That The "Best Interest" Of The Child Are Served By The Name Change [sic]**

**Assignment of Error IV**

**Magistrate's Adoption Of The Reasoning Of The Plaintiff Is Insufficient To Support A Finding That "Shows By Clear And Convincing Evidence That The Request Is Both Reasonable And**

-3-

**Proper And In The Child's Best Interest" Is Outside The Law In That There Was Not Presented Sufficient Evidence On The Best Interests [sic]**

## Assignment of Error V

**The Court Was To Take Judicial Notice Of The Juvenile Court Case, [J.G. V. C.B.], Case No. 20164098. The Guardians Report Therein Does Not Support That The Best Interests Of The Child Are Served By The Name Change And Where The Guardian Finds That Mother Is Repeatedly Trying To Disrupt His Parenting Time [sic]**

## Assignment of Error VI

**R.C. §2117.01 [sic] As Applied Is Unconstitutional As There Is No Standard Set So The Court Used The "Best Interests" Test [sic]**

{¶5} We will begin by addressing Father's fifth assignment of error; followed by his second, third, and fourth assignments of error together; followed then by his first assignment of error; and lastly, his sixth assignment of error.

## Assignment of Error V

**The Court Was To Take Judicial Notice Of The Juvenile Court Case, [J.G. V. C.B.], Case No. 20164098. The Guardians Report Therein Does Not Support That The Best Interests Of The Child Are Served By The Name Change And Where The Guardian Finds That Mother Is Repeatedly Trying To Disrupt His Parenting Time [sic]**

{¶6} In the Father's fifth assignment of error, Father argues that the trial court erred by not taking judicial notice of the GAL report previously filed in the parties' custody case in the Hancock County Common Pleas Court, Juvenile

Division ("HCCPC-JD") because the GAL report would not support the conclusion that a name change is in K.S.G.'s best interest.

*Standard of Review*

{¶7} On appeal, we review decisions by a trial court regarding judicial notice under an abuse-of-discretion standard. *Wright v. Cramer*, 2d Dist. Montgomery No. 27586, 2018-Ohio-764, ¶ 27, citing *Stamm v. Stamm*, 6th Dist. Fulton No. F-08-009, 2009-Ohio-4924, ¶ 46; *Enviropro Plastics, Inc. v. Trickett*, 5th Dist. Stark No. 2013 CA 00195, 2014-Ohio-1707, ¶ 46, citing *Molitor v. Gaddis*, 5th Dist. Morrow No. CA 875, 1999 WL 770688, *1 (Aug. 25, 1999). "The term 'abuse of discretion' * * * implies that the [trial ]court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*Analysis*

{¶8} We recently held that "'[j]udicial notice allows a court to accept, "for purpose of convenience and without requiring a [party's] proof, * * * a well-known and indisputable fact."'" *In re Adoption of L.S.*, 3d Dist. Hancock No. 5-19-20, 2020-Ohio-224, ¶ 13, quoting *In re C.Y.*, 6th Dist. Lucas No. L-13-1184, 2014-Ohio-1144, ¶ 16, quoting *State v. Blaine*, 4th Dist. Highland No. 03CA9, 2004-Ohio-1241, ¶ 12. Under the Ohio Rules of Evidence, the scope of Evid.R. 201 governs exclusively adjudicative facts (i.e., the facts of the case). *See* Evid.R. 201(A).

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Evid.R. 201(B). Under Evid.R. 201(D), "[a] court shall take judicial notice if requested by a party and *supplied* with the necessary information." (Emphasis added.) Evid.R. 201(D).

{¶9} In Ohio, a trial court may only take judicial notice of prior proceedings in the *immediate case* and may not take judicial notice of prior proceedings in the same court involving a separate case. *See In re Adoption of L.S.*, 2020-Ohio-224, at ¶ 13. *See also D & B Immobilization Corp. v. Dues*, 122 Ohio App.3d 50, 53 (8th Dist.). This is warranted, even if, that separate case involves identical facts, issues, and litigants with the same magistrate or trial judge presiding. *See Pollard v. Elber*, 6th Dist. Erie, 2018-Ohio-4538, ¶ 17. This rationale facilitates proper appellate review. *Id.*, citing *In re C.Y.*, 6th Dist. Lucas No. L-13-1184, 2014-Ohio-1144, ¶ 16. That is, the record of the separate case in the prior proceeding is not currently before us, on appeal, and thus, we cannot review whether the trial court correctly interpreted the separate case in the prior proceeding. *Campbell v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 97APE05-616, 1997 WL 678199, *2 (Oct. 28, 1997), citing *The Deli Table, Inc. v. Great Lakes Mall*, 11th Dist. Lake No. 95-L-012, 1996 WL 761984, *11 (Dec. 31, 1996). *See Ohio Medical Indemnity, Inc. v. Poe*, 3d Dist. Hancock No. 5-77-26, 1978 WL 215841, *5 (May 24, 1978) (holding that "[a] court

cannot take judicial notice of other cases in that court but must require proof of such cases by evidence or stipulation * * *.").

{¶10} "However, on this issue, the Supreme Court of Ohio has also held that 'a trial court is not required to suffer from institutional amnesia.'" *In re Adoption of L.S.*, 2020-Ohio-224, at ¶ 14, quoting *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580 (1994).

> '[I]t is axiomatic that a trial court may take judicial notice of its own docket'—including the docket in a separate case. *Indus. Risk Insurers*[*, supra,* at 580]. The trial court cannot take judicial notice of a docket 'for the truth of the matters asserted in the other litigation,' however, but only 'to establish the fact of such litigation.' *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, ¶ 20, quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir.1992), and *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir.1991).

*Id.,* quoting *Pollard* at ¶ 17.  *See Natl. Distillers & Chem. Co. v. Limbach*, 71 Ohio St.3d 214, 216 (1994) (holding that the law allows a court to take "'judicial notice' of [its] docket records" but that the relevant "cases do not state that we may take judicial notice of evidence contained in the transcripts.").

{¶11} It is unclear from our review of the record on appeal whether the parties were in agreement as to the magistrate's taking of judicial notice, and what records were to be judicially noticed.  (*See* June 7, 2019 Tr. at 17).  Moreover, the magistrate never addressed whether he would take judicial notice of the HCCPC-JD's records that contained the GAL report in question.  (*Id.*).  Importantly, Father's

trial counsel never *supplied* a copy of the GAL report to the magistrate or in his objections to the magistrate's decision to the trial judge. *See* Evid.R. 201(D).

{¶12} App.R. 9(A) provides in its pertinent part:

(1) The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases.

As such, the GAL report contained in the HCCPC-JD's record is not part of the record provided by Father, on appeal, and thus, we are precluded from considering it. *See Sandys v. Sandys*, 3d Dist. Defiance No. 4-14-20, 2015-Ohio-2208, ¶ 35; *Community First Bank v. Holland*, 3d Dist. Hardin No. 6-05-04, 2005-Ohio-4751, ¶ 10; *Lakkapragada v. Lakkapragada*, 2d Dist. Montgomery No. 25883, 2014-Ohio-331, ¶ 20, citing App.R. 9.

{¶13} Accordingly, we cannot conclude that the trial court abused its discretion by not taking judicial notice of a document that was never *supplied* in the first instance as an exhibit or by stipulation (a requirement of Evid.R. 201(D)) and when it was not contained within the trial court's file on appeal.

{¶14} For these reasons, his fifth assignment of error is overruled.

**Assignment of Error II**

**Name Changes Require Negative Acts By A Parent When The Surname Is Given By Both Parents Which A Change In Circumstance Effecting The Child [sic]**

**Assignment of Error III**

**There Is Insufficient Evidence Other Than Speculation By The Magistrate To Support Any Allegation That The "Best Interest" Of The Child Are Served By The Name Change [sic]**

**Assignment of Error IV**

**Magistrate's Adoption Of The Reasoning Of The Plaintiff Is Insufficient To Support A Finding That "Shows By Clear And Convincing Evidence That The Request Is Both Reasonable And Proper And In The Child's Best Interest" Is Outside The Law In That There Was Not Presented Sufficient Evidence On The Best Interests [sic]**

{¶15} In Father's second, third, and fourth assignments of error, Father contends that the trial court's findings as to the factors outlined by the Supreme Court of Ohio in *In re Willhite,* 85 Ohio St.3d 28 (1999), are not supported by sufficient evidence and thus, are against the manifest weight of the evidence. Father also asserts that there should be an entirely different legal standard applied (i.e., change in circumstances) in hyphenated-name-change proceedings.

*Standard of Review*

{¶16} On appeal, our role is not to *reweigh* the evidence, but to determine whether the trial court's application of the law to the facts presented amounted to an abuse of discretion. *In re Crisafi*, 104 Ohio App.3d 577, 581 (8th Dist.1995), citing *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19 (1988). "The term 'abuse of discretion' implies that the [trial ]court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore*, 5 Ohio St.3d at 219.

{¶17} As long as the trial court's judgment is supported by competent, credible evidence, it must be affirmed under the civil-manifest-weight-of-the-evidence standard. *In re K.C.M.*, 5ths Dist. Fairfield No. 2019 CA 00008, 2019-Ohio-5182, ¶ 51, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978). *See also In re Crisafi* at 581 citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 82 (1984) and *C.E. Morris Co.* at 279; *Gevedon v. Ivey*, 2d Dist. Montgomery No. 21609, 2007-Ohio-2970, ¶ 60. Unlike the criminal-manifest-weight-of-the-evidence standard outlined in *State v. Thompkins*, 78 Ohio St.3d 380 (1997), "the issues of 'sufficiency of the evidence' and 'manifest weight' have essentially merged in civil cases. *Gevedon* at ¶ 60. "Mere disagreement with the trial court's findings is not sufficient to overturn them." *Id.* at ¶ 59. This deference to the trial court's judgment and findings of fact (upon which it rests) is predicated on information that cannot necessarily be conveyed to us through the printed record. *See Crisafi* at 581. *See also Trickey v. Trickey*, 158 Ohio St. 9, 13 (1952), ("In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with the observation of the parties and through independent investigation cannot be conveyed to a reviewing court by printed record.").

*Legal Standard in Name-Change Proceedings*

{¶18} The probate court may order a change of name if the name-change petition demonstrates "reasonable and proper cause for changing the name." R.C. 2717.01(A). "When deciding whether to permit a name change for a minor child pursuant to R.C. 2717.01(A), the trial court must consider the best interest of the child in determining whether reasonable and proper cause has been established." *In re Willhite*, 85 Ohio St.3d 28, at paragraph one of the syllabus. The Supreme Court of Ohio, in *Willhite*, held that the trial court should consider the following factors when determining whether a change of a minor's surname is in the best interest of a child:

> the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest.

*Willhite*, 85 Ohio St.3d 28, at paragraph two of the syllabus, citing *Bobo v. Jewell*, 38 Ohio St.3d 330 (1988), paragraph two of the syllabus, and *In re Change of Name of Andrews*, 235 Neb. 170, 454 N.W.2d 488 (1990), followed.

*Analysis*

{¶19} The record supports that the magistrate considered each of the factors set forth in *Willhite* in his decision. (Doc. No. 15). Specifically, the magistrate

-11-

considered the effect of the name change on the preservation and development of K.S.G.'s relationship with each parent when he determined that both parents were bonded with K.S.G. (Doc. No. 15); (*See* June 7, 2019 Tr. at 6, 13-14, 16, 41). Moreover, the magistrate determined that Mother's name-change petition for K.S.G. was not "motivated by anything other than her belief that it would benefit [K.S.G.] to have her name changed." (*Id.*); (*see id.* at 9, 13-14). The magistrate further found (given the difficulty that the parties have being civil and respectful to each other) that the hyphenation of K.S.G.'s surname would permit K.S.G. to be associated with both parents as well as their extended families. (*Id.*); (*see id.*).

{¶20} The magistrate also found that Mother's request for a hyphenated-surname would both identify K.S.G. as part of each parents' family and decrease the likelihood of parental alienation. (Doc. No. 15). Moreover, the magistrate distinguished the instant case from *In re: the Name Change of: M.J.,* 3d Dist. Auglaize No. 2-18-12, 2019-Ohio-2065, on the basis that the magistrate did not remove any connection K.S.G. has with her father, but rather, permitted Mother to have the same family identification (with K.S.G.) as Father. (*Id.*).

{¶21} Next, the magistrate considered the length of time that K.S.G. has used a surname by determining that K.S.G. is not yet of school age (she was three at the time of the name-change hearing) and that K.S.G. has only been identified by her present surname at medical appointments and when she is with Father. (*Id.*); (*see*

June 7, 2019 Tr. at 6, 27). Further, the magistrate made the finding that K.S.G. is aware of her Mother's surname. (Doc. No. 15).

{¶22} The magistrate also considered K.S.G.'s lack of maturity to be able to express a meaningful preference as to her surname when the magistrate determined that K.S.G. was "too young to express a preference." (*Id.*); (*see* June 7, 2019 Tr. at 6).

{¶23} The magistrate, thereafter, considered whether K.S.G.'s surname is different from the surname of K.S.G.'s residential parent (i.e., Mother). The magistrate found this of "significant importance" to Mother. (*Id.*); (*see* June 7, 2019 Tr. at 9, 13-14). Here, the magistrate found that "[b]oth parents play a significant role in [K.S.G.'s] life, yet only one family unit is being recognized in [K.S.G.'s] current" surname. (*Id.*); (*see id.* at 9, 13-14, 27).

{¶24} Next, the magistrate considered the embarrassment, discomfort, or inconvenience that may result when K.S.G. bears a surname different from her Mother. The magistrate found that identification with Father's surname (alone) would necessitate constant explanation on the part of K.S.G. regarding her surname and a hyphenated surname would be an acknowledgment that she can be identified with two family units. (*Id.*); (*see id.* at 9, 13-14).

{¶25} Then, the magistrate considered whether Father maintained contact with and support of K.S.G. The magistrate found that Father and K.S.G. enjoy a

great deal of time together, and that "there was no reliable evidence that the [F]ather failed to make his child support payments." (*Id.*); (*see id.* at 40-42).

{¶26} Lastly, the magistrate considered any other factor relevant to K.S.G.'s best interest. Once more, the magistrate determined that K.S.G.'s parents were not able to co-parent K.S.G. Precisely, the magistrate found that K.S.G.

> has been the source of litigation for most of her young life; and the present time is no different. A single name by either of these parents would run the risk of alienating the child from the other parent. However, with the hyphenated name both of these parents are represented in [K.S.G.]. Both families are creating a history with [K.S.G.]. And most importantly, the parents are part of a sharing of sort; and hopefully will understand that [K.S.G.] is not chattel to fight over, but instead is a little person they brought into this world to nurture.

(*Id.*); (*see id.* at 13-14, 42). Addressing the trial court's independent review of the magistrate's decision, the trial judge stated the following:

> The Court hereby finds that the Magistrate applied the correct law and analysis. Accordingly, the Court finds in its independent review of the facts and agrees with the Magistrate's Decision. The Magistrate's Decision details the factual findings for each best interest factor as

required in determining the sufficiency of a name change petition.
Accordingly, the Court finds that the Magistrate properly determined
the factual issues and appropriately applied the law as required by
Civ.R. 53(D)(4)(d).

(Doc. No. 24).

{¶27} On appeal, Father claims that the trial court's findings related to the factors articulated by the Supreme Court of Ohio in *Willhite* are not supported by competent, credible evidence. To the contrary, there is some competent, credible evidence supporting each of the trial court's findings. Therefore, we find no merit in Father's contention that the judgment of the trial court is against the manifest weight of the evidence.

{¶28} Next, we turn to the Father's assertion that there should be a different standard (i.e., change in circumstances) to hyphenated-name-change proceedings. Notably, Father made no objection to the trial court's application of the *Willhite* standard based upon this change-in-circumstances standard. The failure to object in the trial court is a failure to preserve error for proper review. *Rodak v. Erskine*, 7th Dist. Mahoning No. 74 C.A. 69, 1974 WL 184085, *2 (Dec. 30, 1974), (concluding that the "failure to object at the trial stage is a failure to preserve error for proper review."). Thus, the Father's argument to us is beyond the arguments he raised before the trial court. "Arguments that were not raised in the trial court cannot

be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden,* 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12. Accordingly, we need not address this argument.

{¶29} Based on our review of the record, we cannot conclude that the trial court abused its discretion by granting Mother's application to hyphenate K.S.G.'s surname to K.S.G-B. Because we find that there is some competent, credible evidence supporting the trial court's judgment that it considered whether it was in the best interest of K.S.G in its determination that a reasonable and proper cause had been established by Mother to support the hyphenation of K.S.G.'s name, we will not reverse that judgment as being against the manifest weight of the evidence.

{¶30} Therefore, Father's second, third, and fourth assignments of error are overruled.

### Assignment of Error I

**Respondent's Motion For Dismissal At The Close Of Plaintiff's Case Should Have Been Granted, And Because It Was Denied The Respondent Was Required To Carry The Burden As To Why It Should Not Be Granted Which Violates *In Re Willhite* [sic]**

{¶31} In his first assignment of error, Father argues that the trial court's denial of his motion at the close of Mother's case-in-chief under Civ.R. 41(B)(2) is error (in that) it shifted the burden to Father to prove why his motion should not be granted violating *Willhite*, and thus, is against the manifest weight of the evidence.

*Standard of Review*

**{¶32}** "Civil Rule 41(B)(2) permits a defendant in a nonjury action to move for dismissal of the action after the close of the plaintiff's case." *Mohn v. Ashland Cty. Chief Med. Examiner*, 5th Dist. Ashland No. 14-COA-031, 2015-Ohio-1985, ¶ 28. "Under Civ.R. 41(B)(2), a trial court may consider 'both the law and the facts.'" *Mueller v. All-Temp Refrig., Inc.*, 3d Dist. Van Wert No. 15-13-08, 2014-Ohio-2718, ¶ 39, quoting *Ohio Valley Associated Bldrs. & Constrs. v. Rapier Elec., Inc.*, 12th Dist. Butler Nos. CA2013-07-110 and CA2013-07-121, 2014-Ohio-1477, ¶ 23. "Therefore, under the rule, the trial judge as the trier of fact does not view the evidence in a light most favorable to plaintiff, but instead actually determines whether the plaintiff has proven the necessary facts by the appropriate evidentiary standard." *Mohn* at ¶ 28, citing *L.W. Shoemaker, M.D., Inc. v. Connor*, 81 Ohio App.3d 748, 752 (10th Dist.1992) and *Harris v. Cincinnati*, 79 Ohio App.3d 163, 168 (1st Dist.1992). *See also Mueller* at ¶ 40 (noting that the trial court does not review "'the evidence in the light most favorable to the plaintiff but is required only to determine whether the plaintiff has made out his case by a preponderance of the evidence.'"), quoting *Jacobs v. Bd. of Cty. Commrs. of Auglaize Cty.*, 27 Ohio App.2d 63, 65 (3d Dist.1971). "Even if the plaintiff has presented a prima facie case, dismissal is still appropriate where the trial court determines that the necessary

quantum of proof makes it clear that plaintiff will not prevail." *Mohn* at ¶ 28, citing *Fenley v. Athens Cty. Genealogical Chapter*, 4th Dist. Athens No. 97CA36, 1998 WL 295496, *3 (May 29, 1998). *See also Mueller* at ¶ 39 ("'"The premise behind the rule is if the court in a bench trial disbelieves the plaintiff's facts or disagrees with the plaintiff's urged application of the law, then there is no reason to hear the defendant's case."'"), quoting *Ohio Valley Associated Bldrs.* at ¶ 22, quoting *Martin v. Lake Mohawk Property Owner's Assn.*, 7th Dist. Carroll No. 04 CA 815, 2005-Ohio-7062, ¶ 19.

{¶33} A trial court's ruling on a Civ.R. 41(B)(2) motion will be set aside on appeal only if it is erroneous as a matter of law or against the manifest weight of the evidence. *Mueller* at ¶ 40, citing *Jacobs* at 65; *Mohn* at ¶ 29, citing *Ogan v. Ogan*, 122 Ohio App.3d 580, 583 (12th Dist.1997). Under the civil-manifest-weight-of-the-evidence standard, we neither weigh the evidence nor judge the credibility of witnesses; rather, our role is to determine whether the trial court's judgment is supported by some competent, credible evidence. *Mohn* at ¶ 29, citing *C.E. Morris Co.*, 54 Ohio St.2d 279, at syllabus; *Univ. of Findlay v. Martin*, 3d Dist. Hancock, 2017-Ohio-7016, ¶ 10 ("Judgments supported by some competent, credible evidence will not be reversed on appeal as being against the manifest weight of the evidence."), citing *Phillimore v. Butterbaugh*, 5th Dist. Richland No. 14CA32, 2014-Ohio-4641, ¶ 25.

*Analysis*

**{¶34}** Here, Father's trial counsel moved for a directed verdict (under *Willhite* and *In re: the Name Change of: M.J.*) at the conclusion of Mother's case-in-chief, which was overruled by the magistrate. (June 7, 2019 Tr. at 34-38). Father argues that the magistrate should have granted his request for a directed verdict. We disagree, and point to our analysis of Father's second, third, fourth, and fifth assignments of error supporting the hyphenation of K.S.G.'s surname. As such, the trial court's decision is supported by competent, credible evidence, and consequently, is not against the manifest weight of the evidence. Thus, we conclude this assignment of error is without merit.

**{¶35}** Accordingly, Father's first assignment of error is overruled.

**Assignment of Error VI**

**R.C. §2117.01 [sic] As Applied Is Unconstitutional As There Is No Standard Set So The Court Used The "Best Interests" Test [sic]**

**{¶36}** In his sixth assignment of error, Father argues that R.C. 2717.01 is unconstitutional "as-applied" to Father. Specifically, Father contends that R.C. 2717.01 fails to provide guidelines that designate what either party to a contested-name change must show resulting in an equal-protection violation under the Due Process Clause as applied through the Fourteenth Amendment and Article I, Section 2 of the Ohio Constitution.

*Standard of Review*

**{¶37}** This court reviews a constitutional challenge *de novo*. *In re Adoption of N.F.*, 3d Dist. Logan No. 2019-Ohio-5380, ¶ 11, citing *State v. Hudson*, 3d Dist. Marion, 2013-Ohio-647, ¶ 27, citing *Akron v. Callaway*, 9th Dist. Summit No. 22018, 2005-Ohio-4095, ¶ 23 and *Andreyko v. Cincinnati*, 1sts Dist. Hamilton No. C-020606, 2003-Ohio-2759, ¶ 11.   "'De novo review is independent, without deference to the lower court's decision.'"  *Id.*, quoting *Hudson* at ¶ 27, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

*Analysis*

**{¶38}** "'"All statutes have a strong presumption of constitutionality. * * * Before a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'"'"  *Id.,* at ¶ 12, quoting *State v. Stoffer*, 2d Dist. Montgomery No. 26268, 2015-Ohio-352, ¶ 8, quoting *Arbino v. Johnson & Johnson*, 2d Dist. Montgomery No. 26268, 2015-Ohio-352, ¶ 25, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus.

**{¶39}** "'A party may challenge the constitutionality of a statute with either a facial challenge or an as-applied challenge.'"  *Id.,* at ¶ 13, quoting *Simpkins v. Grace Brethren Church of Delaware, Ohio*, 149 Ohio St.3d 307, 2016-Ohio-8118, ¶ 20.

The distinction between the two types of constitutional challenges is important because the standard of proof is different depending on which type of challenge is lodged. *Id.*, citing *Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, ¶ 20. "'To prevail on a facial constitutional challenge, the challenger must prove the constitutional defect, using the highest standard of proof, which is also used in criminal cases, proof beyond a reasonable doubt.'" *Id.*, quoting *State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn.*, 111 Ohio St.3d 568, 2006-Ohio-5512, ¶ 21, citing *Dickman* at paragraph one of the syllabus. On the other hand, "'[t]o prevail on a constitutional challenge to the statute as applied, the challenger must present clear and convincing evidence of the statute's constitutional defect.'" *Id.*, quoting *State ex rel. Ohio Congress of Parents & Teachers* at ¶ 21, citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329 (1944), paragraph six of the syllabus. Because Father argues that R.C. 2717.01 "as-applied" is unconstitutional, he must present clear and convincing evidence of R.C. 2717.01's constitutional defect. *See State ex rel. Ohio Congress of Parents & Teachers* at ¶ 25.

{¶40} Typically, we would first address constitutional standing; however, the record reveals that Father's argument was not raised in the trial court. (Doc. No. 16). Father's argument mirrors his argument set forth in his second assignment of error, which we rejected for his failure to preserve for proper review. *Rodak*, 1974

WL 184085, at *2.   We note that when Father raised his constitutional challenge below the focus was on the disparate treatment of children (depending on the marital status of the parents) and not his request for an extension of existing law which is being raised for the first time on appeal.  *See JPMorgan Chase Bank, Natl. Assn.*, 2014-Ohio-2746, at ¶ 12.  Since we rejected in Father's second assignment of error for failure to raise this argument in the trial court, we reject this argument for the reasons set forth above.

{**¶41**} Accordingly, Father's sixth assignment of error is overruled.

{**¶42**} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**